# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| ERNEST BRENT WILCOCK,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDI WILCOCK, HOLLY BLOUCH, RANDY JONES, ELEVENTH JUDICIAL DISTRICT COURT, MONTANA SUPREME COURT and PEG ALLISON,<br><br>Defendants. | Cause No. CV 12-00020-H-DLC-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Wilcock has filed a proposed Complaint and a Motion to proceed in Forma Pauperis which will be granted. Mr. Wilcock raises claims regarding an issue already decided by the Montana Supreme Court. His claims are barred by res judicata and the Rooker Feldman doctrine and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial

district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).  Upon referral, magistrate judges are only permitted to rule on motions that do not decide all or part of a case without the consent of the parties. 28 U.S.C. § 636(b).  Magistrate judges do not have jurisdiction to rule on case-dispositive motions without consent, and can only enter findings and recommendations on those motions.  Id.  Upon consent of the parties, a magistrate judge may conduct all proceedings and enter judgment for the entire case.  28 U.S.C. § 636(c).

## III.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Wilcock submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a).  The request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Wilcock must pay the statutory filing fee of $350.00.  Mr. Wilcock submitted an account statement showing average monthly deposits of $56.92 over the six months immediately preceding the filing of this action.  Therefore, an initial partial filing fee of $11.38 will be assessed by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  A separate order will

direct the agency having custody of Mr. Wilcock to collect the partial filing fee from Mr. Wilcock's account and forward it to the Clerk of Court.

Thereafter, Mr. Wilcock must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Wilcock to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Wilcock is a prisoner proceeding without counsel. He is incarcerated at Crossroads Correctional Center in Shelby, Montana. The named defendants are Brandi Wilcock, Holly Blouch, Randy Jones, Montana Eleventh Judicial District Court, Montana Supreme Court, and Clerk of Court Peg Allison. C.D. 2, p. 4.

### B. Factual Allegations

Mr. Wilcock complains of the handling of the estate of his daughter, Darlene Wilcock, who was murdered in 2003. Mr. Wilcock contends he is entitled to half of his daughter's estate because she was never married and had no children. He wants Defendants to pay back the estate.

The Montana Supreme Court issued a decision regarding the estate of Darlene Wilcock on August 2, 2011.  In the Matter of the Estate of Darlene Wilcock: Ernest Wilcock v. Brandi Wilcock, Holly Blouch, and Randy Jones, 362 Mont. 542 (Mont. 2011).  The Supreme Court found that the only significant asset Darlene Wilcock had when she died was two insurance policies worth $250,000.00 each. Id. at *1.  Mr. Wilcock was not named as a beneficiary to these policies.  The Montana Supreme Court found that the life insurance policies were non-probate assets and thus the State district court did not err in approving a settlement and distribution agreement that did not apportion any of the life insurance policies' proceeds to Mr. Wilcock.  Id.

## V.  28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. Wilcock is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of

his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VI. ANALYSIS

Mr. Wilcock's claims are barred by res judicata and the Rooker-Feldman doctrine. Res judicata provides that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. In re Imperial Corp. of America, 92 F.3d 1503, 1506 (9th Cir. 1996). "[A] final judgment on the merits of an action precludes the parties or the privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).

Mr. Wilcock is raising the same claims he brought in state court for which the State District Court reached a final judgment on the merits which was upheld by the Montana Supreme Court. In re Estate of Wilcock, 362 Mont. 542. Even if Mr. Wilcock is attempting to raise different claims regarding this same issue, res judicata/claim preclusion "bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980); see also San Remo Hotel, L.P. v. City and County of San Francisco, Cal., 545 U.S.

323, 336 n. 16 (2005).

Furthermore, Mr. Wilcock cannot appeal the decisions of the State District Court or the Montana Supreme Court to this Court. The Rooker-Feldman doctrine requires the dismissal of a complaint for lack of subject-matter jurisdiction if it is a de facto appeal from a state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). "The basic premise of Rooker-Feldman is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004) (citing Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003)). This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." Maldonado, 370 F.3d at 949. Mr. Wilcock seeks an order overturning a decision of a state district court and the Montana Supreme Court. The Court does not have subject matter jurisdiction to issue such an order.

## VII. CONCLUSION

Mr. Wilcock's claims are barred by the doctrine of res judicata and the Rooker-Feldman doctrine. These are not defects which could be cured by amendment. The Complaint should be dismissed.

## A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing civil actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated as a "strike" under this provision because the claims are frivolous. Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (an action barred by res judicata can be dismissed as frivolous under 28 U.S. C. § 1915).

## B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States,

369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.  Mr. Wilcock's claims are clearly barred by res judicata and the Rooker Feldman doctrine.  As such, no reasonable person could suppose an appeal would have merit.  The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Wilcock SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Wilcock has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal

of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing:

It is **ORDERED:**

1. Mr. Wilcock's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on February 27, 2012.

It is **RECOMMENDED:**

1. Mr. Wilcock's Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Wilcock's claims are frivolous as they are barred by res judicata and the Rooker-Feldman doctrine.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS &

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Wilcock may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Wilcock files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Wilcock from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of March, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge