
FILED
MAY 22 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ERNEST WILCOCK, | ) | CV 12-20-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BRANDI WILCOCK, HOLLY BLOUCH, RANDY JONES, ELEVENTH JUDICIAL DISTRICT COURT, MONTANA SUPREME COURT, and PEG ALLISON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Ernest Wilcock has filed a Complaint, ostensibly under 42 U.S.C. § 1983, seeking relief from the Montana Supreme Court's ruling resolving a probate proceeding related to the estate of his daughter, Darlene Wilcock. In re Estate of Wilcock, 272 P.3d 123 (Mont. 2011). The estate was without significant assets; Darlene Wilcock had two life insurance policies, which were found to be non-

probate assets and for which Plaintiff Wilcock was not a named beneficiary. Id. at *1. Plaintiff Wilcock received nothing as a result of the Montana Supreme Court's decision, and by this action seeks to recover some portion of the life insurance proceeds.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted and because it is frivolous. Judge Strong explained that Plaintiff's Complaint is barred by the doctrine of res judicata because it involves a claim that was adjudicated on the merits in a prior suit involving the same parties, citing Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). Judge Strong also found that the Complaint is an attempt to seek appellate review in this Court of a decision of the Montana Supreme Court, which is barred by the Rooker-Feldman doctrine. That doctrine holds that a federal district court lacks jurisdiction to hear a direct appeal from the final judgment of a

state court. Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004). On those bases, Judge Strong recommends that the Complaint be dismissed.

Plaintiff Wilcock timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Wilcock does not address the legal bases for Judge Strong's recommendation, relying instead on ad hominem attacks and accusations of bias against Judge Strong and the state court judges who were involved with the underlying litigation. Plaintiff Wilcock has failed to cite legal authority supporting an outcome contrary to Judge Strong's recommendations, and his allegations appear to lack any basis in fact. Upon de novo review, the Court agrees with Judge Strong's Findings and Recommendations (Doc. No. 4) and therefore adopts them in full.

Accordingly, IT IS HEREBY ORDERED Complaint is DISMISSED WITH PREJUDICE.

The Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not

be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 22nd day of May, 2012.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court